FILED
OCT 21 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. **4:20CR00673 HEA/SPM** |
| KASEY LEHMKUHL, ) | |
| Defendant. ) | |

# INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

1. R.S. and L.S. are the owners of Lucas Stucco Stone & Brick, LLC ("LSSB") and TVH Exterior, LLC ("TVH"). LSSB and TVH are companies that have their headquarters located in Maryland Heights, Missouri, in the Eastern District of Missouri.

2. At all times relevant to this Indictment, LSSB and TVH collectively maintained a total of three bank accounts with Commerce Bank ending in #5271, #5579, and #9603 ("the Commerce Accounts").

3. R.S. is the CEO and conducts daily business including estimates and supervision of employees and subcontractors. L.S. is a member of the LLC and works payroll.

4. Between approximately May 1, 2016 until 2018, and then again from April 19, 2019 through January of 2020, the defendant, **KASEY LEHMKUHL** ("LEHMKUHL"), was employed as an office assistant by LSSB and TVH. In such capacity, LEHMKUHL performed accounting, payroll and administrative functions.

5. LEHMKUHL had access to LSSB and TVH bank account information, as well as personal information of the business owners.

6. At all times relevant to this Indictment, Commerce Bank was a financial institution within the meaning of Title 18, United States Code, Section 20, because it is a financial institution insured by the Federal Deposit Insurance Corporation.

7. At all times relevant to this Indictment, payments made by the defendant to credit cards issued by American Express and Capitol One were completed by means of interstate wire transfer.

## THE SCHEME

8. Beginning on or about July 11, 2016 to on or about July of 2020, the relevant time period, LEHMKUHL knowingly and intentionally devised and executed a scheme and artifice to defraud, and obtain money and property from LSSB and TVH, by means of material false and fraudulent pretenses, representations and promises in that LEHMKUHL, without the knowledge or authorization of LSSB or TVH, used funds from the Commerce Bank accounts of LSSB and TVH to pay for personal credit card expenses.

## MANNER AND MEANS

It was part of the scheme that:

9. On or about April 8, 2019, LEHMKUHL, fraudulently and without permission, applied for and caused American Express to issue a credit card ending in #1005 (the "1005 AMEX Card") in R.S.'s and LSSB's name. LEHMKUHL was not authorized to open a new credit card on this account, which was previously established for use by R.S. and L.S. for business purposes only.

10.     Between April 19, 2019, and November 30, 2019, LEHMKUHL fraudulently charged over 900 transactions totaling $70,415.84 on the 1005 AMEX Card.

11.     It was part of the scheme that, rather than using the 1005 AMEX Card to purchase goods and services for LSSB or TVH, defendant LEHMKUHL knowingly used the 1005 AMEX Card to fund her personal purchases, including airline tickets, hotel rooms, rent, child care services, fast food, and payments for the purchase of a vehicle.

12.     Defendant LEHMKUHL, in order to avoid detection, had the credit card statements mailed directly to her home. Defendant LEHMKUHL then paid the monthly balances using mobile payments that electronically withdrew the funds from TVH Commerce Account #9603. Examples of said charges to the 1005 Amex Card included the following:

   a. On April 23, 2019, defendant LEHMKUHL charged $680 for the Starlight Academy.

   b. On April 24, 2019, defendant LEHMKUHL charged $19.05 for McDonald's.

   c. On April 25, 2019, defendant LEHMKUHL charged $80.96 for HULU.com.

   d. On April 25, 2019, defendant LEHMKUHL charged $18 for Chick-Fil-A.

   e. On April 28, 2019, defendant LEHMKUHL charged $656 for Home Depot.

   f. On April 30, 2019, defendant LEHMKUHL charged $413.90 for Amazon.com.

   g. On May 2, 2019, defendant LEHMKUHL charged $86.49 for the Smoke Safe Vapor.

   h. On May 4, 2019, defendant LEHMKUHL charged $108.58 for O'Reilly Auto.

   i. On May 10, 2019, defendant LEHMKUHL charged $119.71 for Dave and Busters.

   j. On May 12, 2019, defendant LEHMKUHL charged $40 at Great Clips.

k. On May 14, 2019, defendant LEHMKUHL charged $89.87 for Pro Flowers.

l. On May 27, 2019, defendant LEHMKUHL charged $20.36 for Dierbergs Alcohol.

m. On May 27, 2019, defendant LEHMKUHL charged $16.24 for Starbucks.

n. On June 23, 2019, defendant LEHMKUHL charged $64 TGI Fridays.

o. On June 27, 2019, defendant LEHMKUHL charged $1577.24 for Parkers Furniture.

p. On July 29, 2019, defendant LEHMKUHL charged $283.81 for Burlington Stores.

q. On August 3, 2019, defendant LEHMKUHL charged $135 for I Care Nails.

r. On August 25, 2019, defendant LEHMKUHL charged $115.48 for Red Lobster.

s. On August 27, 2019, defendant LEHMKUHL charged $133 for Molly Maid.

t. On August 28, 2019, defendant LEHMKUHL charged $29.99 for Match.com.

u. On September 6, 2019, defendant LEHMKUHL charged $166.57 for Charter Communications.

v. On September 19, 2019, defendant LEHMKUHL charged $297 for Expedia.com travel for Juanita Messina.

w. On October 5, 2019, defendant LEHMKUHL charged $158.84 for WalMart.

x. On October 7, 2019, defendant LEHMKUHL charged $2,920.00 for Auffenberg Mazda for a 2016 black, Mazda 6 in the name of Juanita Messina, the grandmother of defendant.

y. On November 1, 2019, defendant LEHMKUHL charged $21.37 for Taco Bell.

z. On November 2, 2019, defendant LEHMKUHL charged $1090.21 for Ikea.

8. After charges were made to the 1005 AMEX Card, LEHMKUHL initiated $60,025.29 in payment transactions from the TVH Commerce Account #9603 to pay the charges on the 1005 AMEX Card.

9. It was further part of the scheme to defraud that LEHMKUHL fraudulently applied for and caused Capitol One to issue seven additional credit cards that were used for LEHMKUHL's personal purposes and paid by the company accounts of R.S. and L.S.

10. On October 7, 2019, LEHMKUHL applied for a credit card with Capitol One in the name of J.M., the grandmother of LEHMKUHL. Capitol One issued the credit card ending in #2406, in the name of J.M.. Between November 2, 2019 and July 31, 2020. LEHMKUHL fraudulently charged approximately 117 transactions on the Capitol One #2406 card for personal expenses unrelated to LSSB's business.

11. After charges were made to the Capitol One #2406 card, LEHMKUHL initiated $6,337.76 in mobile payment transactions from the LSSB Commerce Account #5579 to pay the charges on the Capitol One #2406. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

12. On April 17, 2019, LEHMKUHL applied for a credit card with Capitol One in the name of I.L., LEHMKUHL's minor daughter. Capitol One issued the credit card ending in #8657, in the name of LEHMKUHL's minor child. LEHMKUHL was added on April 17, 2019 as an authorized user of the card under the card #3394. Between July 13, 2019 and August 19, 2019, LEHMKUHL charged approximately 256 transactions on the Capitol One #8657 card for personal expenses unrelated to LSSB's business.

13. After charges were made to the Capitol One #8657 card, LEHMKUHL initiated $6,669.04 in mobile payment transactions from the LSSB Commerce Account #5271 to pay the

charges on the Capitol One #8657 card. LEHMKUHL additionally initiated $4,665.36 in mobile payment transactions from the LSSB Commerce Account #5579 to pay the charges on the Capitol One #8657 card. LEHMKUHL additionally initiated $401.61 in mobile payment transactions from the TVH Commerce Account #9603 to pay the charges on the Capitol One #8657 card. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

14. On April 11, 2019, LEHMKUHL applied for another credit card with Capitol One in the name of I.L.. Capitol One issued the credit card ending in #8107. Between April 23, 2019 and July 31, 2020, LEHMKUHL charged approximately 78 transactions on the Capitol One #8107 card for personal expenses unrelated to the business of LSSB.

15. After charges were made to the Capitol One #8107 card, LEHMKUHL initiated $1,161.82 in mobile payment transactions from the LSSB Commerce Account #5271 to pay the charges on the Capitol One #8107 card. LEHMKUHL additionally initiated $775 in mobile payment transactions from the LSSB Commerce Account #5579 to pay the charges on the Capitol One #8107 card. LEHMKUHL additionally initiated $775.27 in mobile payment transactions from the TVH Commerce Account #9603 to pay the charges on the Capitol One #8107 card. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

16. On June 3, 2017, LEHMKUHL applied for another credit card with Capitol One in the name of "S.L.", LEHMKUHL's ex-husband. Capitol One issued the credit card ending in #3698, in the name of S.L., LEHMKUHL's ex-husband. Between August 1, 2017 and July 5, 2018, LEHMKUHL charged approximately 15 transactions for personal expenses unrelated to the business of LSSB on the Capitol One #3698 card. S.L. had not authorized LEHMKUHL to

use his identity in connection with any of these transactions.

17. After charges were made to the Capitol One #3698 card, LEHMKUHL initiated $151.20 in mobile payment transactions from the LSSB Commerce Account #5271 to pay the charges on the Capitol One #3698 card. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

18. On July 11, 2016, S.L. applied for a credit card with Capitol One in the name of S.L.. Capitol One issued the credit card ending in #6859. S.L. made LEHMKUHL an authorized use of that card. Between December 29, 2017 and April 29, 2018, LEHMKUHL charged approximately 72 transactions on the Capitol One #6859 card in personal expenses unrelated to LSSB's business.

19. After charges were made to the Capitol One #6859 card, LEHMKUHL initiated $5,803.40 in mobile payment transactions totaling from the LSSB Commerce Account #5271 to pay the charges on the Capitol One #6859 card. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

20. On May 8, 2017, LEHMKUHL applied for a credit card with Capitol One in her own name. Capitol One issued the credit card ending in #3352, in the name of LEHMKUHL. Between May 1, 2017 and August 30, 2020, LEHMKUHL charged approximately 114 transactions on the Capitol One #3352 card for personal expenses unrelated to LSSB's business.

21. After charges were made to the Capitol One #3352 card, LEHMKUHL initiates $1,895.66 in mobile payment transactions from the LSSB Commerce Account #5271 to pay the charges on the Capitol One #3352 card. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

22. Capitol One issued the credit card ending in #2140 on September 12, 2017, in the

name of LEHMKUHL. After charges were made to the Capitol One #2140 card, LEHMKUHL initiated $2,590.33 in mobile payment transactions from the LSSB Commerce Account #5271 to pay the charges on the Capitol One #2140 card. LSSB had not authorized LEHMKUHL to pay personal credit card expenses using LSSB's corporate bank account.

23. It was further part of the scheme to defraud that on June 4, 2019 and January 3, 2020, LEHMKUHL fraudulently and without permission forged R.S.'s signature on checks made payable to herself, totaling $1,133.33, from the LSSB Commerce Account ending in #5271.

## COUNTS I, II, III, IV
### (Wire Fraud)

24. Each of the allegations of Paragraphs 1 through 23 of this Indictment is hereby incorporated by reference as if fully set forth herein.

25. On or about each of the dates set forth below, in the Eastern District of Missouri, the defendant,

**KASEY LEHMKUHL**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION |
|---|---|---|
| I | November 12, 2019 | $2,964.55 for a wire transfer made from Commerce Bank Account #9603 to AMEX credit card account #1005 |
| II | February 20, 2018 | $251.60 for a wire transfer made from Commerce Bank Account #5271 to Capital One credit card account #2140 |
| III | February 27, 2018 | $255.40 for a wire transfer made from Commerce Bank Account #5271 to Capital One credit card account #6859 |

8

| IV | April 5, 2018 | $101 for a wire transfer made from Commerce Bank Account #5271 to Capital One credit card account #3352 |

All in violation of, and punishable under, Title 18, United States Code, Section 1343.

## COUNT V
### (Aggravated Identity Theft)

26. The Grand Jury realleges the facts set forth in paragraphs 1 through 25 as if fully set herein.

27. On or about April 8, 2019, within the Eastern District of Missouri,

**KASEY LEHMKUHL,**

the defendant herein, knowingly possessed, transferred, and used, without lawful authority, a means of identification of another person, to wit, using the name and business information of R.S. and LSSB in her application for AMEX credit card account #1005, during and in relation to the commission of the felony offense of wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Section 1028A.

## COUNTS VI, VII
### (Bank Fraud)

28. The Grand Jury realleges the facts set forth in paragraphs 1 through 27 as if fully set herein.

29. On or about the dates listed below, within the Eastern District of Missouri and elsewhere, having devised the foregoing scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, a financial institution, by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing the same, the

9

defendant herein, did forge the signatures of an account signatory, to wit, R.S., and deposited and caused to be deposited the following checks into other financial accounts:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| VI | June 4, 2019 | Check #6715, in the amount of $1133.33, payable to LEHMKUHL drawn from the Commerce Bank Account #5271 |
| VII | January 3, 2020 | Check #6715, in the amount of $1133.33, payable to LEHMKUHL drawn from the Commerce Bank Account #5271 |

All in violation of Title 18, United States Code, Section 1344.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.　Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Count(s) 1-7, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2.　Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $102,769.40.

3.　If any of the property described above, as a result of any act or omission of the defendant:

    a.　cannot be located upon the exercise of due diligence;

    b.　has been transferred or sold to, or deposited with, a third party;

    c.　has been placed beyond the jurisdiction of the court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Edward L. Dowd III, #61909(MO)
Assistant United States Attorney

11